# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TRACY A. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. |
| PARKER HANNIFIN CORPORATION, ) | (Franklin County Circuit Court, |
| BRENDA LAUSE, and ) | Case No. 13AB-CC00145) |
| MATT MUELLER, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Parker Hannifin Corporation ("Parker") (incorrectly named as Parker-Hannifin Corporation), Brenda Lause ("Lause") (incorrectly named as Brenda Lousey), and Matt Mueller ("Mueller") (incorrectly named as Matt Miller) (collectively as "Defendants") give notice of the removal of this action currently pending in the Circuit Court of Franklin County, Missouri to the United States District Court for the Eastern District of Missouri. Defendants remove this case on grounds of diversity jurisdiction because Plaintiff Tracy A. Williams ("Plaintiff") fraudulently joined Defendants Lause and Mueller (collectively as "Individual Defendants") to defeat this Court's jurisdiction, there is complete diversity of citizenship between Plaintiff and Parker and the amount in controversy exceeds $75,000. In support of its Notice of Removal, Defendants state as follows:

1. Plaintiff commenced the above-captioned action in the Circuit Court of Franklin County, Missouri on July 2, 2013 by filing her Petition in the cause styled *Tracy A. Williams v. Parker Hannifin Corporation, et al.*, Case No. 13AB-CC00145, against Defendants.

2. On July 15, 2013, Plaintiff served the Individual Defendants with summons and

copies of the Petition.

3. On July 16, 2013, Plaintiff served Parker with a summons and a copy of the Petition.

4. Defendants have attached a copy of the Circuit Court file in this case as Exhibit A to this Notice of Removal.

5. Pursuant to 28 U.S.C. § 1446, Defendants' removal of this action is timely based upon the dates of service of Plaintiff's summons and Petition.

6. Moreover, removal to this Court is appropriate because it is pending in the Circuit Court of Franklin County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction. 28 U.S.C. §1441.

7. Plaintiff's Petition alleges claims of discrimination, harassment and retaliation on the basis of disability under the Missouri Human Rights Act ("MHRA") against Defendants.

8. The United States District Court for the Eastern District of Missouri has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. *See* Section 1332(a)(1).

## DIVERSITY OF CITIZENSHIP

9. Plaintiff, to Defendants' knowledge, is a resident of Missouri. *See* Pl.'s Pet. ¶ 1.

10. Parker is an Ohio corporation with its principal place of business in Ohio. *See* Pl.'s Pet. ¶ 2.

11. The Individual Defendants are residents of Missouri.

12. With the exception of the Individual Defendants, there is complete diversity among the parties.

13. Under 28 U.S.C. §1332(b), there must be complete diversity among the parties.

Under 28 U.S.C. § 1441(b), the "forum defendant rule" additionally requires that no defendant reside in the forum state. The Individual Defendants reside in Missouri, the forum state and the state in which Plaintiff resides; however, the right of out-of-state defendants, such as Parker, to remove a diversity suit to federal court "cannot be defeated by a fraudulent joinder of a resident defendant." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

## **FRAUDULENT JOINDER OF DEFENDANTS LAUSE AND MUELLER**

14. A plaintiff fraudulently joins a defendant when "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Menz v. New Holland North Amer., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

15. If a party has been fraudulently joined, the court ignores that party's citizenship in determining whether diversity jurisdiction exists. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983).

16. Plaintiff fraudulently joined the Individual Defendants in her Petition because she failed to exhaust her administrative remedies under the MHRA with respect to these Individual Defendants.

17. A plaintiff may not commence suit under the MHRA without first filing a Charge of Discrimination. *See* Mo. Rev. Stat. § 213.075(1). The charge must be filed within 180 days "from the alleged act of discrimination." *Id.* Exhaustion of administrative remedies is an issue of subject matter jurisdiction. *See Green v. City of St. Louis*, 870 S.W. 2d 794, 796 (Mo. 1994) (specifically addressing exhaustion of administrative remedies as required by the Missouri Human Rights Act). Thus, a Court lacks subject matter jurisdiction over a claim when the plaintiff failed to timely exhaust her administrative remedies. *Id.*

18. With respect to an employee's need to exhaust her administrative remedies against an individual accused of discrimination, the MHRA provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, . . . ***which shall state the name and address of the person*** alleged to have committed the unlawful discriminatory practice . . .

§ 213.075.1, RSMo (emphasis added).

19. Plaintiff failed to name the Individual Defendants in her Charge of Discrimination. *See* Exhibit A to Pl.'s Pet. This Charge named Parker, but never named either of the Individual Defendants. *See id*.

20. The MHRA only allows Plaintiff to bring a civil action "against the respondent[s] named in the complaint." § 213.111.1, RSMo (stating that the MCHR "shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint"). The MHRA's regulations define "respondent" as "a person against whom a complaint has been filed in accordance with the Act and these rules." 8 CSR 60-2.015(1)(L). The regulations require (by using the term "shall") that the charge "state ***facts supporting*** the allegations of unlawful discriminatory practice ***and the person*** against whom the complaint is filed." 8 CSR 60-2.025(2) (emphasis added). Therefore, both a statement of ***facts and identity*** of the respondent(s) are required.

21. Pursuant to the express language of the MHRA, RSMo, Plaintiff's failure to name the Individual Defendants in her charge bars, as a matter of law, her claims against the Individual Defendants. *See* § 213.111.1; *see also Jackson v. Mills Properties*, No. 4:11-cv-419, 2011 WL 3607920, *1-4 (E.D. Mo. Aug. 12, 2011); *Borders v. Trinity Marine Products, Inc.*, No. 1:10-cv-146, 2010 WL 5139343, *2-3 (E.D. Mo. Dec. 9, 2010); *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 699 (Mo. 2009) (*citing Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977).

22. Because Plaintiff failed to exhaust her administrative remedies with regard to her claims against the Individual Defendants, there is no reasonable basis in fact and law to support her claim against the Individual Defendants in her Petition.

40. Based on the foregoing, Plaintiff has no viable claim against the Individual Defendants, they have been fraudulently joined to this action, and their citizenship cannot be used to defeat diversity jurisdiction.

## AMOUNT IN CONTROVERSY

41. While Plaintiff does not specifically plead the amount of damages that she is seeking, the amount in controversy claimed by Plaintiff exceeds $75,000.

42. Specifically, Plaintiff seeks damages under the MHRA resulting from the alleged discrimination, harassment and retaliation. The MHRA allows for potential recovery of lost wages, front wages, compensatory damages, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. § 213.111.2.

43. Courts consider compensatory damages, punitive damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

44. Plaintiff's alleged damages include compensatory damages (including at least five (5) years' worth of front pay), emotional distress damages, and punitive damages. *See* Pl.'s Pet. ¶ Wherefore.

45. In addition, Plaintiff seeks attorneys' fees and costs in her Petition. *Id.*

46. Several recent discrimination awards under the MHRA have far exceeded $75,000. *See, e.g., McCrainey v. Kan. City Mo. Sch. Dist.*, Jackson County, Mo., Case No.

0816-CV14847 (November 2010 jury awarded $362,000 on plaintiff's employment discrimination claim); *Eickhoff v. Union Pac. R.R. Co.*, Jackson County, Mo., Case No. 0816-CV20813 (October 2009 jury awarded $1,390,000 on plaintiff's employment discrimination claim); *Gorker v. Kan. City Mo. Sch. Dist.*, Jackson County, Mo., Case. No. 04CV200068 (August 2005 jury awarded $310,000 on plaintiff's employment discrimination claim).

47. Compensatory damages for emotional distress in discrimination cases often range from $50,000 to $150,000, even when the only evidence of emotional distress comes from the testimony of the plaintiff. *Kucia v. Southeast Arkansas Community Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) ($50,000 in compensatory damages for emotional distress in a race discrimination case); *Ross v. Douglas County, Nebraska*, 234 F.3d 391, 397 (8th Cir. 2000) ($100,000 for emotional distress in a race discrimination case not excessive); *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1061-62 (8th 1993) ($125,000 for mental anguish and suffering upheld); *Mathieu v. Gopher News Co.*, 273 F.3d 769, 782-83 (8th Cir. 2001) (finding $165,000 emotional distress award not excessive where plaintiff was only witness to testify about emotional distress); *Eich v. Board of Regents for Cent. Missouri State Univ.*, 350 F.3d 752, 763 (8th Cir. 2003) ($200,000 award for emotional distress damages upheld). Under the MHRA, these damages are not subject to a statutory cap.

48. Meanwhile, cases under the MHRA often result in large punitive damages awards. *See, e.g., Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 504 (8th Cir. 1998) (finding that an award of punitive damages in the amount of $700,000 was appropriate); *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854 (Mo. App. E.D. 2009) ($325,000 in punitive damages was appropriate).

49. Further, if Plaintiff prevails on her claims at trial, it is certainly likely that her

attorney's fees will exceed $75,000. *See Campos v. City of Blue Springs, Missouri*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees); *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) ($178,610 in attorneys' fees).

50. Clearly, the amount in controversy exceeds $75,000, based upon the allegations in Plaintiff's Petition.

## **CONCLUSION**

51. Defendants properly remove this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Parker, and the amount in controversy exceeds $75,000. The citizenship of the Individual Defendants must be disregarded as discussed above.

52. Promptly upon filing this Notice of Removal, Defendants will give notice in writing to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Franklin County, Missouri.

53. A copy of the original filing form and civil cover sheet are attached hereto as Exhibits B and C.

WHEREFORE, Defendants Parker Hannifin Corporation, Brenda Lause, and Matt Mueller, by and through their counsel, desiring to remove this civil action to the United States District Court for the Eastern District of Missouri, prays that the filing of this Petition for and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for the Notice of Removal with the clerk of the Circuit Court of Franklin County, Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

/s/*Joshua D. Bortnick*
Joshua D. Bortnick, #58207MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
(314) 802-3935
(314) 802-3936 (FAX)
joshua.bortnick@ogletreedeakins.com

Bruce G. Hearey (*Pro Hac Vice Status Pending*)
127 Public Square, Suite 4130
Cleveland, Ohio 44114
Telephone: (216) 241-6100
Facsimile: (216) 357-4733

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 13th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record. In addition, the undersigned certifies that on the 13th day of August, 2013, a copy of the foregoing was also sent, via First-Class U.S. Mail, to the following counsel of record for Plaintiff:

    Michael A. Williams
    Williams Law LLC
    1100 Main Street, Suite 260
    Kansas City, Missouri 64105

    William C. Robinson
    Purschke, White, Robinson & Becker, LLC
    316 East Locust Street
    Union, Missouri 63084

                                      /s/*Joshua D. Bortnick*

15568510.1

15568510.1